Jessie **COLLINS** and Daniel Pedraza, Sr.,
Plaintiffs,

v.

**UNION CARBIDE CORPORATION, CHEMICAL DIVISION,** and Local 347, International Union of Operating Engineers, AFL–CIO, and Texas City, Texas Metal Trades Council, AFL–CIO, Defendants.

Civ. A. Nos. 69–G–184, 70–G–65.

United States District Court,
S. D. Texas,
Galveston Division.

March 17, 1971.

McDonald & McDonald, Houston, Tex., Jack Greenberg and William L. Robinson, New York City, for plaintiffs.

Samuel E. Hooper, V. R. Burch, Jr., Baker & Botts, Houston, Tex., William C. Treanor and Richard P. Lawlor, New York City, William N. Wheat, W. Arthur Combs, Houston, Tex., for defendants.

MEMORANDUM AND ORDER

NOEL, District Judge.

This is an employment discrimination suit brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Joined as codefendant in one of the suits consolidated herein was Local 347 of the International Union of Operating Engineers, AFL–CIO. This defendant has moved for summary judgment in its favor, contending that it is not a party to the collective bargaining agreement which is made the basis of one of the allegations of discrimination. A supporting affidavit is offered. Rule 56, Fed.R.Civ.P.

Plaintiffs have responded, indicating no opposition to entry of judgment for defendant, but opposing the taxing of

costs against plaintiffs. In support of this position, plaintiffs point out that they filed a charge against Local 347 with the Equal Employment Opportunity Commission, and that the Commission found reasonable cause to believe that Local 347 had violated the Act. Suit was then filed. Since plaintiffs sued the Local in reliance upon the ill-advised encouragement of the Commission, it is apparently thought to follow that fairness requires plaintiffs to be relieved of costs.

As a matter of course, costs are allowed to the prevailing party unless the court otherwise directs. Rule 54(d), Fed.R.Civ.P., 6 Moore's Federal Practice §§ 54.70(1) et seq. The instant case presents no occasion for departure from the general rule. Between these parties, the equities are clear as to which should bear the burden of the mistake. Defendant did nothing save be sued, and should not be penalized for having defended itself. On the other hand, plaintiffs brought the suit and erroneously joined Local 347. The fact that plaintiffs did so on the basis of bad advice from a governmental entity is unfortunate, but is of no legal consequence on the point of costs.

The motion of Local 347 for summary judgment, being unopposed, shall be granted. Defendant shall, within 10 days, submit a proposed form of judgment consistent herewith, taxing the customary costs to plaintiff, and approved as to form by plaintiff.